**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 271-7589
E-Mail: mbradley@bradleygrombacher.com
         kgrombacher@bradleygrombacher.com

**LEXICON LAW, PC**
John R. Habashy, Esq. (SBN 236708)
Tiffany N. Buda, Esq. (SBN 232679)
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (877) 529-5090
Facsimile: (888) 373-2107
E-Mail: john@lexiconlaw.com
         tiffany@lexiconlaw.com

Attorneys for Plaintiff, REBECCA WECHTER, individually and on behalf of other individuals similarly situated

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA WECHTER, on her own behalf and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEVI STRAUSS & CO., a Delaware corporation, and DOES 1 -50, inclusive<br><br>Defendant. | **CASE NO.**<br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Make Proper Disclosures in Violation of 15 U.S.C. §1681b(b)(2)(A)(i) (Fair Credit Reporting Act)**<br>2. **Failure to Obtain Proper Authorization in Violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) (Fair Credit Reporting Act)**<br>3. **Violation of Cal. Civ. Code § 1786 (ICRAA);**<br>4. **Violation of Cal. Civ. Code § 1785 (CCRAA)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff REBECCA WECHTER (hereinafter referred to as "Plaintiff"), hereby submits her Class Action Complaint against Defendant LEVI STRAUSS & CO, a Delaware corporation; and Does 1-50 (hereinafter collectively referred to as "Defendant") on behalf of herself and the class of all other similarly situated current and former employees of Defendant as follows:

**INTRODUCTORY FACTUAL ALLEGATIONS**

1. This is a class action within the Court's jurisdiction under the *Fair Credit Reporting Act* ("FCRA").

2. This complaint challenges systemic illegal employment practices resulting in violations of the *Fair Credit Reporting Act* against employees of Defendant.

3. Plaintiff seeks relief on behalf of herself and all other aggrieved employees as a result of employment policies, practices and procedures more specifically described below:

   a. Failure to provide proper disclosures to Plaintiff and Plaintiff Class in violation of *Fair Credit Reporting Act*;

   b. Failure to obtain proper disclosures from Plaintiff and Plaintiff Class in violation of *Fair Credit Reporting Act;* and

   c. Failure to comply with the ICRAA and CCRAA.

4. Plaintiff alleges that on a routine basis Defendants to perform background checks on Plaintiff and other prospective employees and used that information in connection with the background checks without providing the proper disclosures and authorizations in compliance with the law.

**JURISDICTION AND VENUE**

**THE PARTIES**

5. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681 of the FCRA.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this

district, and the actions at issue took place in this district.

*Plaintiff*

7. Plaintiff applied in November 2018, to work for Defendant by way of an online account in California as a non-exempt, hourly employee.

8. During the online application process with Defendant, upon information and belief, Plaintiff was required to fill out Defendant's FCRA disclosure form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

9. Plaintiff was confused by the FCRA disclosure form and did not understand that Defendant would be requesting a "consumer report" as defined in the FCRA.

10. Nonetheless, upon information and belief, Defendant then secured a consumer report pertaining to Plaintiff in violation of FCRA, ICRAA and CCRAA.

*Defendant*

11. Defendant is a Delaware corporation with its headquarters in San Francisco, California. At all times relevant herein, Defendant conducted and continues to conduct business throughout the State of California including seeking applications for employment from potential employees such as Plaintiff.

12. Defendant's entity address listed the California Secretary of State is 1155 Battery Street, San Francisco, California 94111.

13. Defendant requires Plaintiff and all other persons similarly situated to fill out Defendant's FCRA disclosures form permitting Defendant to obtain a consumer report verifying the applicant's background and experience.

14. With respect to the events at issue in this case, Defendant is liable for the violations of the law described in this Complaint.

15. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, and/or carried out a joint scheme, business plan or policy in all respects

pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendant(s).

16. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendant sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendant is sued under such fictitious name, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that said fictitious Defendant is responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

17. At all times herein mentioned, Defendant participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

18. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

19. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

20. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and

CLASS ACTION COMPLAINT

omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

21. The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California.  The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California and the United States.

## FACTUAL ALLEGATIONS

22. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

23. Plaintiff and other aggrieved employees seek compensation from Defendant for the Relevant Time Period because Defendant:

   a. Failed to provide Plaintiff and member of the Plaintiff Class with stand-alone written disclosures before obtain a credit or background report in compliance with the FCRA;

   b. Failed obtain valid authorization from Plaintiff and Class Members to procure a consumer report in violation of the FCRA; and

   c. Failed to comply with ICRAA and CCRAA.

*Defendant's Violations of FCRA/ICRAA/CCRAA*

24. Plaintiff alleges that Defendant fails to have a stand-alone document for the background report and fails to comply with "clear and conspicuous" requirements.

25. Defendant's standard FCRA form is a single "document" for purposes of the FCRA and consists of a disclosure and authorization.

26. Defendant's FCRA disclosure contained extraneous information such as state disclosures in violation of 15 U.S.C. § 1681b(b)(2)(A)(i)'s so-called

1  "standalone" disclosure and "clear and conspicuous" requirements. *Gilberg*, 913
2  F.3d at 1175-76.

3  27.  Accordingly, Plaintiff was confused regarding the nature of her rights
4  under the FCRA and did not give valid authorization for Defendant to procure a
5  consumer report in violation of 15 U.S.C § 1681b(b)(2)(A)(ii).

6  28.  Nevertheless, Defendant procured or caused to be procured Plaintiff's
7  consumer report.

8  29.  Defendant's failure to provide a compliant disclosure, and failure to obtain
9  proper authorization, deprived Plaintiff and other similarly situated of the right to
10 information and the right to privacy guaranteed by 15 U.S.C § 1681b(b)(2)(A). *Syedy*,
11 M-1, LLC, 853 F.3d 492,499 (9th Cir. 2017).

12 30.  By including extraneous information in this standard FCRA disclosure,
13 Defendant's conduct is contrary to the plain language stature, case law, and
14 unambiguous regulatory guidance form the Federal Trade Commission ("FTC").

15 31.  Thus, Defendant "willfully" violated the FCRA, and Defendant knew that
16 its standard FCRA disclosure must not contain surplus or extraneous information
17 related to state disclosures and must be clear and not likely to confuse a reasonable
18 reader.

19 32.  Defendant violated Section 1786.16(a)(2)(B) of the ICRAA by failing to
20 provide a clear and conspicuous disclosure in writing to Plaintiff and the members of
21 the ICRAA Class before an investigative report was procured.  As stated above, the
22 disclosures contain extra information that is not clear and unambiguous disclosures in
23 stand-alone documents as required.

24 33.  The inclusion of extra information and the release in the disclosure
25 documents makes the documents not "clear and conspicuous" as required and
26 therefore Defendants willfully violated §§1786(a)(2)(B) and 1786.16(a)(2)(B) of the
27 ICRAA.
28 / / /

34. At all relevant times herein, Defendant willfully violated § 1785.20.5(a) of the CCRAA because the Disclosure Form does not identify the specific basis under subdivision (a) of Section 1024.5 of the California *Labor Code* for use of the credit report. Further, there is no box for the Plaintiff to check off to receive a copy of the credit report in violation of §1785.20.5(a)(3) of the CCRAA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

36. Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a class defined as follows:

> **Plaintiff Class**
> All employees in the United States who filled out LEVI STRAUSS & CO.'s (USA) INC.'S standard "Voluntary Disclosures" form at any time during the period beginning five (5) years prior to the filing of the action to the present.
>
> **Terminated Sub Class**
> All members of the Plaintiff Class, including trainees, whose employment ended during the Class Period (The Class Period is the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter)
>
> **FCRA Class**
> All individuals who applied for employment in the United States with Defendants for which a background check was performed beginning five (5) years prior to the filing of this action through the date judgment is entered.

///

**ICRAA Class**

All individuals who applied for employment in California with Defendants beginning five (5) years prior to the filing of this action through the date judgment is entered.

**CCRAA Class**

All individuals who applied for employment in California with Defendants for which a background check was performed beginning seven (7) years prior to the filing of this action through the date judgment is entered.

(Collectively "Class Members" or "Plaintiff Class")

37. This class action on behalf of members of the Plaintiff Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

38. Plaintiff is informed and believes, and on that basis, alleges, that during the class period, thousands of Class Members have been applicants. Because so many persons have been applicants of the Defendant in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

39. Common questions of law and fact exist as to all Class Members, and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

    a. Whether Defendant's standard FCRA disclosure meets 15 U.S.C. §1681b(b)(2)(A)(i)'s "clear and conspicuous" disclosure requirement;

    b. Whether Defendant's standard FCRA disclosure is "in a document that consists solely of the disclosure" (15 U.S.C. §1681b(b)(2)(A)(i));

c. Whether Defendant acquires applicant's consumer reports without authorization in violation of 15 U.S.C. §1681b(b)(2)(A)(ii);

d. Whether Defendant "willfully" violated the FCRA pursuant to 15 U.S.C. §1681n.;

e. Whether Defendant failed to comply with ICRAA and CCRAA requirements;

40. The claims of the named Plaintiff are typical of the claims of the members of the members of the Plaintiff Class. Plaintiff and Class Members sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the Plaintiff Class.

41. Plaintiff is an adequate representative of the Plaintiff Class because she is a member of the class, and her interests do not conflict with the interests of the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

42. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

43. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

    a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant; and

    b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

44. Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

## FIRST CAUSE OF ACTION
## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF FCRA
## (15 U.S.C. § 1681b(b)(2)(A)(i))

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

45. Plaintiff incorporates herein by reference the allegations set forth above.

46. Under the FCRA, it is unlawful to procure a consumer report for employment purposes, unless:

    a. a clear and conspicuous disclosure has been made in writing to consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for reemployment purposes; and

    b. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the

report.

15 U.S.C. §1681b(b)(2)(A)(i)-(ii)

47. Defendant's standard FCRA form is unlawful on two separate grounds:

    a. Defendant's FCRA disclosure violates the so-called "standalone" disclosure requirement in 15 U.S.C. §1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure") because Defendant's FCRA disclosure combines both federal and state disclosures, among other extraneous and irrelevant information. *Gilberg,* 913 F.3d at 1175;

    b. Defendant's FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. §1681b(b)(2)(A)(i). The FCRA disclosure is unclear, as it would "confuse a reasonable reader because it combines federal and state disclosures" *Gilberg*, 913 F. 3d at 1176.

48. The violation of the FCRA were willful based on the clear statutory text, case law guidance, and regulatory guidance. The statutory text of the standalone requirement is straightforward. The word "solely" in subsection (i) and the one express exception in the subsection (ii), which allows the authorization to be on the same document as the disclosure, shows that the FCRA should not be read to have implied exceptions[.]" *Gilberg,* 913 F.3d at 1175 (citing to *Syed*, 853 F. 3d at 501-03).

49. Defendant also had specific case law to provide guidance. See *Gilberg*, 913 F.3d at 1175 ("Syed's holding and statutory analysis were not limited to liability waivers; Syed considered the standalone requirement with regard to any surplusage") (citing to Syed, 853 F.3d at 501) (emphasis added).

50. Lastly, informal guidance from the FTC is unambiguous that no extraneous information should be included in the FCRA disclosure. See FTC, Opinion Letter, 1997 WL 33791227, at *1 (Oct. 21,1997) ("[The] document should include nothing more than the disclosure and the authorization for obtaining a consumer report."); FTC, Opinion Letter, 1998 WL 34323748, at *2 (Feb. 11, 1998) (disclosure

may describe the "nature of the consumer reports" it covers, but otherwise should "not be encumbered with extraneous information"); FTC, Opinion Letter, 1998 WL 34323756, at *1 (June 12, 1998) (inclusion of a waiver in a disclosure form violates Section 1681b(b)(2)(A).

51. In addition, Defendant's violation of the "clear and conspicuous disclosure" requirement was willful. Defendant knew that its standard disclosure form must be clear and not contain extraneous information, such as state disclosures, that would confuse a reasonable person about the nature of her rights under FCRA.

52. Plaintiff and all other Class Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681b(a)(1)(A).

53. Plaintiff and all other Class Members are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. § 1681n(a)(2).

54. Plaintiff and all other Class Members are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION

## FAILURE TO OBTAIN PROPER AUTHORIZAION IN VIOLATION OF FCRA (15 U.S.C § 1681(b)(2)(A)(ii))

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

55. Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

56. Since Defendant's standard FCRA form contains extraneous information, such as state disclosures, the FCRA disclosure does not consist "solely" of the disclosure nor is it "clear and Conspicuous" as required by 15 U.S.C. § 1681b(b)(2)(A)(i).

57. Accordingly, Plaintiff was confused regarding the nature of her rights under the FCRA and did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

58. Nevertheless, Defendant procured a consumer report or caused a consumer report to be procured for employment purposes on Plaintiff and the Plaintiff Class in violation of 15 U.S.C. § 1681b(b)(2)(A).

59. Defendant's violation was willful and Defendant knew that its standard FCRA form must standalone and be clear and conspicuous. In addition, Defendant knew that proper authorization is not possible without legally compliant disclosure.

60. Plaintiff and all other Class Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

61. Plaintiff and all other Class Members are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. § 1681n(a)(2).

62. Plaintiff and all other Class Members are further entitled to recover their costs and attorney's fees. Pursuant to 15 U.S.C. § 1681n(a)(3).

## THIRD CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF CCRAA (CAL. *CIV. CODE* § 1785, *et seq*.)

**(By Plaintiff and the CCRAA Class Against Defendant)**

63. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

64. Defendants are "persons" as defined by California *Civil Code* § 1785.30.

65. Plaintiff and the members of the CCRAA Class are consumers within the meaning of California Civil Code § 1785.3(b), because they are "natural individuals."

66. Section 1785.3(c) of the CCRAA defines "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

67. Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

68. Section 1785.3(f) of the CCRAA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

69. Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that (1) identifies the specific basis under subdivision (a) of Section 1024.5 of the *Labor Code* for use of the report; (2) informs the person of the source of the report; and (3) contains a box that the person may check off to receive a copy of the credit report. The employer must provide the report to the applicant or employee contemporaneously and at no charge.

70. At all relevant times herein, Defendant willfully violated § 1785.20.5(a) of the CCRAA because the Disclosure Form does not identify the specific basis under subdivision (a) of Section 1024.5 of the California *Labor Code* for use of the credit report. Further, there is no box for the Plaintiff to check off to receive a copy of the credit report in violation of §1785.20.5(a)(3) of the CCRAA.

71. On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of failing to provide the written disclosures to applicants and employees before obtaining their credit reports.

/ / /

72. Pursuant to that policy and practice, Defendant willfully violated § 1785.20.5(a) of the CCRAA as to Plaintiff and the members of the CCRAA Class.

73. Accordingly, Defendant willfully violated and continues to violate the CCRAA including, but not limited to §1785.20.5(a), and has violated the privacy rights of Plaintiff and Class Members. Defendant's willful conduct is reflected by, among other things, the facts set forth above.

74. As a result of Defendant's willful conduct as set forth above, Plaintiff and the members of the CCRAA Class have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

75. Plaintiff, on behalf of herself and the members of the CCRAA Class, seeks all available remedies pursuant to California Civil Code Sections 1785.31(a)(1) including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

76. Alternatively, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under California *Civil Code* § 1785.31(a)(1).

## FOURTH CAUSE OF ACTION
## FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF ICRAA
## (CAL. *CIV. CODE* § 1786, *et seq*.)

**(By Plaintiff and the ICRAA Class Against Defendant)**

77. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

78. Defendants "persons" as defined by California *Civil Code* § 1786.2(a).

79. Plaintiff and the members of the ICRAA Class are consumers within the meaning California Civil Code § 1786.2(b), because they are natural individuals who have made application to a "person" for employment purposes.

80. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

81.   Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

82.   Section 1786.16(a)(2)(B) provides, in relevant part:

>  (B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>
>  (i) An investigative consumer report may be obtained.
>
>  (ii) The permissible purpose of the report is identified.
>
>  (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
>
>  (iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.
>
>  (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.
>
>  (vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices.....(Emphasis added).

83. Specifically, Plaintiff and the members of the FCRA Class were provided a document pertaining to their Background Investigation when they were applying for a position of employment with Defendant, on the job application.

84. Accordingly, Defendant violated § 1786.16(a)(2)(B) of the ICRAA by failing to provide a clear and conspicuous disclosure in writing to Plaintiff and the members of the ICRAA Class before an investigative report was procured. As stated above, the disclosures contain extra information that is not clear and unambiguous disclosures in stand-alone documents as required.

85. The inclusion of extra information and the release in the disclosure documents makes the documents not "clear and conspicuous" as required and therefore Defendants willfully violated §§1786(a)(2)(B) and 1786.16(a)(2)(B) of the ICRAA.

86. Accordingly, Defendant willfully violated and continues to violate the ICRAA including, but not limited to Sections 1786(a)(2)(B). Defendant's willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

87. As a result of Defendant's willful or grossly negligence as detailed above, Plaintiff and the members of the ICRAA Class have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

88. Plaintiff, on behalf of herself and the members of the ICRAA Class, seeks all available remedies pursuant to California Civil Code § 1786.50 including statutory damages, actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

89. Plaintiff alternatively pleads that these violations were negligent and seeks the appropriate remedy under California Civil Code §1786.50(a), including actual damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1. For an order certifying the proposed Plaintiff, FCRA, ICRAA and CCRAA

Classes;

2. An order that counsel for Plaintiff be appointed class counsel;
3. Certification of this class action on behalf of the proposed Plaintiff and Plaintiff FCRA, ICRAA and CCRAA Classes;
4. Designation of Plaintiff as the class representative of the Plaintiff Class;
5. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;
6. For compensatory damages;
7. Prejudgment and post judgment interest on all sums awarded;
8. For penalties pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681n(a)(2);
9. For interest accrued to date;
10. For costs of suit and expenses incurred herein pursuant to 15 U.S.C. § 1681m(a)(3);
11. A declaration that Defendants' practices violate the FCRA, CCRAA, and ICRAA;
12. An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to California *Civil Code* §§ 1785.31(a) and 1786.50;
13. For all such other and further relief that the Court may deem just and proper.

DATED: February 12, 2020  **BRADLEY/GROMBACHER, LLP**
**LEXICON LAW, PC**

By: /s/ Marcus J. Bradley, Esq.
Marcus J. Bradley, Esq.
Kiley Lynn Grombacher, Esq.
John R. Habashy, Esq.
Tiffany N. Buda, Esq.
*Attorneys for Plaintiff*

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:  February 12, 2020   **BRADLEY/GROMBACHER, LLP**
**LEXICON LAW, PC**


By:  /s/ Marcus J. Bradley, Esq.
Marcus J. Bradley, Esq.
Kiley Lynn Grombacher, Esq.
John R. Habashy, Esq.
Tiffany N. Buda, Esq.
*Attorneys for Plaintiff*