1  KILPATRICK TOWNSEND & STOCKTON LLP
   Nancy L. Stagg (State Bar No. 157034)
2  nstagg@kilpatricktownsend.com
   12255 El Camino Real, Suite 250
3  San Diego, CA  92130
   Telephone:   (858) 350-6156
4  Facsimile:   (858) 408 3931

5  Adam Wiley (State Bar No. 298686)
   awiley@kilpatricktownsend.com
6  9720 Wilshire Blvd., PH
   Beverly Hills, Ca  90212
7  Telephone:   (310) 777-3733
   Facsimile:   (310) 860-0363

8
   Attorneys for Defendant
9  LEVI STRAUSS & CO.

10

11              **UNITED STATES DISTRICT COURT**

12         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                    **OAKLAND DIVISION**

14

15  REBECCA WECHTER, ON HER OWN          Case No. 3:20-cv-01107-JD
    BEHALF AND ON BEHALF OF OTHER
16  INDIVIDUALS SIMILARLY SITUATED,      **DEFENDANT LEVI STRAUSS & CO.'S
                                         ANSWER TO COMPLAINT**
17               Plaintiff,
                                         Judge:            Hon. James Donato
18          v.
                                         Courtroom:        11
19  LEVI STRAUSS & CO., A DELAWARE
    CORPORATION, AND DOES 1-50,          Complaint Filed:  February 12, 2020
20  INCLUSIVE,

21               Defendant.

22

23         Defendant Levi Strauss & Co., ("Levi Strauss"), by and through its undersigned attorneys,

24  Kilpatrick Townsend & Stockton LLP, submits the following Answer and Affirmative Defenses to

25  the allegations asserted in Plaintiff's Class Action Complaint ("Complaint") (Dkt. 1).

26                **INTRODUCTORY FACTUAL ALLEGATIONS**

27         1.     Levi Strauss admits that Plaintiff Rebecca Wechter ("Plaintiff") purports to bring a

28  class action under the Fair Credit Reporting Act ("FCRA"). Except as specifically admitted, Levi

Strauss denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Levi Strauss denies each and every allegation in Paragraph 2 of the Complaint.

3.      Levi Strauss admits that Plaintiff seeks relief on behalf of herself and a purported class of alleged "aggrieved employees." Except as specifically admitted, Levi Strauss denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Levi Strauss admits that it routinely caused background checks to be performed, including on Plaintiff and other prospective employees. Except as specifically admitted, Levi Strauss denies the remaining allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

## THE PARTIES

5.      Levi Strauss admits that this Court has subject matter jurisdiction. Except as specifically admitted, Levi Strauss denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Levi Strauss admits that this Court has personal jurisdiction over the parties. Except as specifically admitted, Levi Strauss denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Levi Strauss admits that Plaintiff applied to work for Levi Strauss using an online job application portal in late 2018. Except as specifically admitted, Levi Strauss lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 7 of the Complaint and on that basis denies the allegations.

8.      Levi Strauss admits that Plaintiff was provided with an FCRA disclosure before it obtained a consumer report verifying Plaintiff's background and experience. Except as specifically admitted, Levi Strauss denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Levi Strauss lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint and on that basis denies the allegations.

10.     Levi Strauss admits that it obtained a consumer report pertaining to Plaintiff. Except as specifically admitted, Levi Strauss denies the remaining allegations contained in

Paragraph 10 of the Complaint.

11.    Levi Strauss admits the allegations contained in Paragraph 11 of the Complaint.

12.    Levi Strauss admits the allegations contained in Paragraph 12 of the Complaint.

13.    Levi Strauss admits that it required Plaintiff to complete an FCRA disclosure form. Except as specifically admitted, Levi Strauss lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 13 of the Complaint and on that basis denies the allegations.

14.    Levi Strauss denies each and every allegation in Paragraph 14 of the Complaint.

15.    Levi Strauss lacks sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint and on that basis denies the allegations.

16.    Levi Strauss lacks sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint and on that basis denies the allegations.

17.    Levi Strauss lacks sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint and on that basis denies the allegations.

18.    Levi Strauss lacks sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint and on that basis denies the allegations.

19.    Levi Strauss lacks sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint and on that basis denies the allegations.

20.    Levi Strauss lacks sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint and on that basis denies the allegations.

21.    Levi Strauss lacks sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint and on that basis denies the allegations.

## FACTUAL ALLEGATIONS

22.    Levi Strauss incorporates its responses to Paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23.    Levi Strauss denies each and every allegation in Paragraph 23 of the Complaint.

24.    Levi Strauss denies each and every allegation in Paragraph 24 of the Complaint.

25.    Levi Strauss denies each and every allegation in Paragraph 25 of the Complaint.

26.     Levi Strauss denies each and every allegation in Paragraph 26 of the Complaint.

27.     Levi Strauss denies that Plaintiff did not give valid authorization to Levi Strauss for Levi Strauss to receive a consumer report pertaining to Plaintiff. Except as specifically admitted, Levi Strauss lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 27 of the Complaint and on that basis denies the allegations.

28.     Levi Strauss admits that it obtained a consumer report pertaining to Plaintiff. Except as specifically admitted, Levi Strauss denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.     Levi Strauss denies each and every allegation in Paragraph 29 of the Complaint.

30.     Levi Strauss denies each and every allegation in Paragraph 30 of the Complaint.

31.     Levi Strauss denies each and every allegation in Paragraph 31 of the Complaint.

32.     Levi Strauss denies each and every allegation in Paragraph 32 of the Complaint.

33.     Levi Strauss denies each and every allegation in Paragraph 33 of the Complaint.

34.     Levi Strauss denies each and every allegation in Paragraph 34 of the Complaint.

## CLASS ACTION ALLEGATIONS

35.     Levi Strauss incorporates its responses to Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36.     Levi Strauss admits that Plaintiff brings this action on behalf of herself and on behalf of a purported class. Except as specifically admitted, Levi Strauss denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Levi Strauss denies each and every allegation in Paragraph 37 of the Complaint.

38.     Levi Strauss denies each and every allegation in Paragraph 38 of the Complaint.

39.     Levi Strauss denies each and every allegation in Paragraph 39 of the Complaint.

40.     Levi Strauss denies each and every allegation in Paragraph 40 of the Complaint.

41.     Levi Strauss denies each and every allegation in Paragraph 41 of the Complaint.

42.     Levi Strauss denies each and every allegation in Paragraph 42 of the Complaint.

43.     Levi Strauss denies each and every allegation in Paragraph 43 of the Complaint.

44.     Levi Strauss incorporates its responses to Paragraphs 1 through 43 of the

1   Complaint as though fully set forth herein.

2   **FIRST CAUSE OF ACTION**

3   **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF FCRA**

4   **(15 U.S.C. §1681b(b)(2)(A)(i))**

5   **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

6   45.   Levi Strauss incorporates its responses to Paragraphs 1 through 44 of the

7   Complaint as though fully set forth herein.

8   46.   Levi Strauss admits that a consumer report may be obtained for employment

9   purposes under the FCRA. Except as specifically admitted, Levi Strauss denies the remaining

10   allegations contained in Paragraph 46 of the Complaint.

11   47.   Levi Strauss denies each and every allegation in Paragraph 47 of the Complaint.

12   48.   Levi Strauss denies each and every allegation in Paragraph 48 of the Complaint.

13   49.   Levi Strauss denies each and every allegation in Paragraph 49 of the Complaint.

14   50.   Levi Strauss denies each and every allegation in Paragraph 50 of the Complaint.

15   51.   Levi Strauss denies each and every allegation in Paragraph 51 of the Complaint.

16   52.   Levi Strauss denies each and every allegation in Paragraph 52 of the Complaint.

17   53.   Levi Strauss denies each and every allegation in Paragraph 53 of the Complaint.

18   54.   Levi Strauss denies each and every allegation in Paragraph 54 of the Complaint.

19   **SECOND CAUSE OF ACTION**

20   **FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF**

21   **FCRA (15 U.S.C. §1681(b)(2)(A)(ii))**

22   **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

23   55.   Levi Strauss incorporates its responses to Paragraphs 1 through 54 of the

24   Complaint as though fully set forth herein.

25   56.   Levi Strauss denies each and every allegation in Paragraph 56 of the Complaint.

26   57.   Levi Strauss denies that Plaintiff did not give valid authorization to Levi Strauss for

27   Levi Strauss to obtain a consumer report pertaining to Plaintiff. Except as specifically admitted,

28   Levi Strauss lacks sufficient information to admit or deny the remaining allegations contained in

1   Paragraph 57 of the Complaint and on that basis denies the allegations.

2        58.    Levi Strauss admits that it obtained a consumer report pertaining to Plaintiff.

3   Except as specifically admitted, Levi Strauss denies the remaining allegations contained in

4   Paragraph 58 of the Complaint.

5        59.    Levi Strauss denies each and every allegation in Paragraph 59 of the Complaint.

6        60.    Levi Strauss denies each and every allegation in Paragraph 60 of the Complaint.

7        61.    Levi Strauss denies each and every allegation in Paragraph 61 of the Complaint.

8        62.    Levi Strauss denies each and every allegation in Paragraph 62 of the Complaint.

9   **THIRD CAUSE OF ACTION**

10  **FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF CCRAA**

11  **(CAL. CIV. CODE §1785, *et seq.*)**

12  **(By Plaintiff and the CCRAA Class Against Defendant)**

13       63.    Levi Strauss incorporates its responses to Paragraphs 1 through 62 of the

14  Complaint as though fully set forth herein.

15       64.    Levi Strauss admits that it falls under the definition of "Person" as set forth in

16  California Civil Code § 1785.3(j). Except as specifically admitted, Levi Strauss denies the

17  remaining allegations contained in Paragraph 64 of the Complaint.

18       65.    Levi Strauss admits that Plaintiff falls under the definition of "Consumer" as set

19  forth in California Civil Code § 1785.3(b). Except as specifically admitted, Levi Strauss denies the

20  remaining allegations contained in Paragraph 65 of the Complaint.

21       66.    Levi Strauss admits that California Civil Code § 1785.3(c) contains a definition of

22  "Consumer credit report." Except as specifically admitted, Levi Strauss denies the remaining

23  allegations contained in Paragraph 66 of the Complaint.

24       67.    Levi Strauss admits that California Civil Code § 1785.3(d) contains a definition of

25  "Consumer credit reporting agency." Except as specifically admitted, Levi Strauss denies the

26  remaining allegations contained in Paragraph 67 of the Complaint.

27       68.    Levi Strauss admits that California Civil Code § 1785.3(f) contains a definition of

28  "employment purposes." Except as specifically admitted, Levi Strauss denies the remaining

1    allegations contained in Paragraph 68 of the Complaint.

2        69.    Paragraph 69 is a statement of Plaintiff's legal position or contentions, to which no

3    response is necessary. To the extent a response is required, Levi Strauss denies the allegations

4    contained in Paragraph 69.

5        70.    Levi Strauss denies each and every allegation in Paragraph 70 of the Complaint.

6        71.    Levi Strauss denies each and every allegation in Paragraph 71 of the Complaint.

7        72.    Levi Strauss denies each and every allegation in Paragraph 72 of the Complaint.

8        73.    Levi Strauss denies each and every allegation in Paragraph 73 of the Complaint.

9        74.    Levi Strauss denies each and every allegation in Paragraph 74 of the Complaint.

10       75.    Levi Strauss denies each and every allegation in Paragraph 75 of the Complaint.

11       76.    Levi Strauss denies each and every allegation in Paragraph 76 of the Complaint.

12                          **FOURTH CAUSE OF ACTION**

13       **FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF ICRAA**

14                        **(CAL. CIV. CODE §1786, *et seq.*)**

15             **(By Plaintiff and the ICRAA Class Against Defendant)**

16       77.    Levi Strauss incorporates its responses to Paragraphs 1 through 76 of the

17   Complaint as though fully set forth herein.

18       78.    Levi Strauss admits that it falls under the definition of "Person" as set forth in

19   California Civil Code § 1786.2(a). Except as specifically admitted, Levi Strauss denies the

20   remaining allegations contained in Paragraph 78 of the Complaint.

21       79.    Levi Strauss admits that Plaintiff falls under the definition of "Consumer" as set

22   forth in California Civil Code § 1786.2(b). Except as specifically admitted, Levi Strauss denies the

23   remaining allegations contained in Paragraph 79 of the Complaint.

24       80.    Levi Strauss admits that California Civil Code § 1786.2(c) contains a definition of

25   "investigative consumer report." Except as specifically admitted, Levi Strauss denies the

26   remaining allegations contained in Paragraph 80 of the Complaint.

27       81.    Levi Strauss admits that California Civil Code § 1786.2(d) contains a definition of

28   "investigative consumer reporting agency." Except as specifically admitted, Levi Strauss denies

the remaining allegations contained in Paragraph 81 of the Complaint.

82.   Paragraph 82 is a statement of Plaintiff's legal position or contentions, to which no response is necessary. To the extent a response is required, Levi Strauss denies the allegations contained in Paragraph 82.

83.   Levi Strauss lacks sufficient information to admit or deny the allegations contained in Paragraph 83 of the Complaint and on that basis denies the allegations.

84.   Levi Strauss denies each and every allegation in Paragraph 84 of the Complaint.

85.   Levi Strauss denies each and every allegation in Paragraph 85 of the Complaint.

86.   Levi Strauss denies each and every allegation in Paragraph 86 of the Complaint.

87.   Levi Strauss denies each and every allegation in Paragraph 87 of the Complaint.

88.   Levi Strauss denies each and every allegation in Paragraph 88 of the Complaint.

89.   Levi Strauss denies each and every allegation in Paragraph 89 of the Complaint.

## PRAYER FOR RELIEF

Levi Strauss denies that Plaintiff or the proposed Classes are entitled to the relief sought or any other relief.

## AFFIRMATIVE DEFENSES

Levi Strauss asserts the following separate and additional defenses to the claims alleged in the Complaint. By alleging these affirmative defenses, Levi Strauss is not altering the burden of proof or burden of going forward with evidence which otherwise exists with respect to any particular issue in this case. All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff or the proposed Classes are entitled to any relief whatsoever. All defenses pleaded below are based upon Levi Strauss' current understanding of the claims asserted by Plaintiff, and Levi Strauss reserves the right to plead additional defenses when and if they become appropriate and/or available in this action.

### First Affirmative Defense

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

DEFENDANT'S ANSWER TO COMPLAINT                                             - 8 -
CASE NO. 4:20-CV-01107-JD

**<u>Second Affirmative Defense</u>**

**(Waiver)**

Plaintiff's claims, and the claims of those alleged to be members of the purported Classes, are barred, in whole or in part, by the doctrine of waiver.

**<u>Third Affirmative Defense</u>**

**(Laches)**

Plaintiff's claims, and the claims of those alleged to be members of the purported Classes, are barred, in whole or in part, by the doctrine of laches.

**<u>Fourth Affirmative Defense</u>**

**(Estoppel)**

Plaintiff and those alleged to be members of the purported Classes are estopped by their actions from seeking the relief requested in the Complaint.

**<u>Fifth Affirmative Defense</u>**

**(No Damages)**

The Complaint is barred, in whole or in part, because Plaintiff and those alleged to be members of the purported classes have suffered no damage by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Levi Strauss.

**<u>Sixth Affirmative Defense</u>**

**(Failure to Mitigate Damages)**

Though Levi Strauss denies that Plaintiff or any alleged members of the purported classes are entitled to recover any damages alleged in the Complaint, any such damages should be offset, in whole or in part, by Plaintiff's or the members of the purported Classes' failure to take reasonable, necessary, and appropriate actions to mitigate those damages.

**<u>Seventh Affirmative Defense</u>**

**(Lack of Standing)**

Plaintiff and those alleged to be members of the purported Classes lack standing to assert claims under the Complaint because, *inter alia*, they have no cognizable injury with respect to such claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Eighth Affirmative Defense**

**(Uncertainty)**

Plaintiff's claims, and the claims of those alleged to be members of the purported Classes, are barred, in whole or in part, because the Complaint is vague, ambiguous, uncertain and fails to adequately notify Levi Strauss of the claims, counts and damages alleged by Plaintiff and the alleged members of the purported classes.

**Ninth Affirmative Defense**

**(Improper Representative Action)**

Plaintiff's purported representative action is improper for numerous reasons, including without limitation the following: common issues will not predominate the proceedings as opposed to individual fact-specific conflicts, and/or a class action is not a superior vehicle for resolving the dispute alleged in the Complaint.

**Tenth Affirmative Defense**

**(Lack of Commonality)**

Class action status is improper because the purported Class members do not have commonality.

**Eleventh Affirmative Defense**

**(Plaintiff's Claims Not Typical)**

Plaintiff is not a representative plaintiff with typical claims for the class action alleged in the Complaint.

**Twelfth Affirmative Defense**

**(No Entitlement to Punitive Damages)**

To the extent Plaintiff asserts any claim for punitive damages, such claim is barred because Levi Strauss did not engage in any oppression, fraud, or malice, nor did it willfully violate any statute.

**Thirteenth Affirmative Defense**

**(No Entitlement to Attorneys' Fees)**

Plaintiff and the alleged members of the purported classes have failed to state facts and/or

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. 4:20-CV-01107-JD

- 10 -

a legal basis sufficient to permit recovery of attorneys' fees against Levi Strauss.

**Fourteenth Affirmative Defense**

**(Unique Defenses)**

Plaintiff is not a suitable class representative because Levi Strauss has unique defenses as against her.

**Fifteenth Affirmative Defense**

**(Authorization and Consent)**

Plaintiff's claims and those of the alleged members of the purported Classes are barred in whole or in part because they provided proper authorization and consent to Levi Strauss to engage in the alleged conduct.

**Sixteenth Affirmative Defense**

**(Punitive Damages Unconstitutional)**

To the extent such claims are pursued or obtained in excess of the standards set forth by the U.S. Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), Plaintiff's claims for punitive damages are unconstitutional under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

**Seventeenth Affirmative Defense**

**(Avoidable Consequences Doctrine)**

Plaintiff's damages, as well as those of the alleged members of the purported classes, are barred in whole or in part because, pursuant to the Avoidable Consequences Doctrine, Plaintiff and the alleged members of the purported classes had an obligation to minimize their damages where they could do so with reasonable effort and without undue risk, expense or humiliation.

**Eighteenth Affirmative Defense**

**(Additional Unknown Defenses)**

Levi Strauss has insufficient information upon which to form a belief as to whether it may have additional unstated affirmative defenses. Levi Strauss reserves the right to assert additional affirmative defenses in the event discovery indicates that they are appropriate.

WHEREFORE, Levi Strauss respectfully requests that the Court enter a judgment in its favor and against Plaintiff and the proposed classes, award Levi Strauss its costs, expenses and attorneys' fees, and award Levi Strauss any and all further relief that the Court deems just and proper.

DATED:  April 10, 2020                KILPATRICK TOWNSEND & STOCKTON LLP

                                      By: */s/ Nancy L. Stagg*
                                            Nancy L. Stagg

                                      Attorneys for Defendant
                                      LEVI STRAUSS & CO.